**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBIN L. LAPEIRRE-GUTT, | No. 09-15642 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00461-ROS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: TASHIMA and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

Robin Lapeirre-Gutt appeals an adverse grant of summary judgment in favor of the Commissioner of Social Security ("Commissioner"), upholding the denial of her application for disability insurance benefits under Title II of the Social Security Act. In her application, Lapeirre-Gutt alleged disability due to degenerative disc disease, post-cervical fusion of the C5-C6 vertebrates, fibromyalgia, headaches and depression. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for payment of benefits. Because the factual and procedural background is familiar to the parties, we will not recount it here.

We review the district court's decision in a social security case de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 1997). The Social Security Administration's disability determination is upheld unless it contains legal error or is not supported by substantial evidence. *Id*. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

At the fourth step of the sequential process, the administrative law judge ("ALJ") determined that Lapeirre-Gutt retains the residual functional capacity to perform a slightly reduced range of exertionally light work, including her past relevant work, and therefore is not disabled. In so finding, the ALJ determined that

Lapeirre-Gutt's allegations of disabling pain were not credible. The ALJ also declined to credit the conclusions of Lapeirre-Gutt's three treating physicians.

I

Lapeirre-Gutt contends the ALJ erred in finding her testimony regarding her symptoms and limitations not fully credible. We agree. A claimant's own testimony of disabling pain cannot be discredited "merely because [it is] unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Where, as here, there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her pain "only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1986).

The ALJ offered numerous reasons why he did not find Lapeirre-Gutt's testimony to be credible. We find these justifications to be unconvincing. For example, the ALJ noted that Lapeirre-Gutt has had only conservative treatment "consisting of copious amounts of narcotic pain medication as well as occipital nerve blocks and trigger point injections." Even assuming Lapeirre-Gutt's regimen of powerful pain medications and injections can constitute "conservative treatment," *compare Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (ALJ found claimant's treatment to be conservative where claimant took only

3

Ibuprofen to treat his pain), it is untrue that Lapeirre-Gutt's treatment has been so limited. Lapeirre-Gutt underwent cervical fusion surgery in May 2004 in an attempt to relieve her pain symptoms. While Lapeirre-Gutt has not undergone any surgery since that time, the record does not reflect that more aggressive treatment options are appropriate or available. A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.

The ALJ also discredited Lapeirre-Gutt's allegations of disabling pain based on her decision not to pursue physical therapy despite her physician's recommendations to do so. An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can be a basis to discount a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, this court has held that no adverse credibility finding is warranted where a claimant has a good reason for failing to obtain treatment. *See Orn*, 495 F.3d at 638. Here, Lapeirre-Gutt explained that she discontinued physical therapy because her husband could no longer driver her to her sessions and she was unable to drive herself. Lapeirre-Gutt also testified at her hearing that physical therapy was not effective. Her testimony is supported by ample evidence in the record demonstrating that physical therapy only left Lapeirre-Gutt in increased pain. Lapeirre-Gutt has proffered a sufficient explanation for her

4

decision to discontinue physical therapy, and the ALJ erred in discrediting her testimony on this ground.

While one of the ALJ's adverse credibility findings *potentially* approaches the "clear and convincing" standard, it does not, based on the evidence before us, lead us to change the present analysis. As the ALJ found, Lapeirre-Gutt's testimony that she was not employed subsequent to November 2004 is potentially inconsistent with her treating physician's January 2005 progress notes indicating that Lapeirre-Gutt was working for a friend. However, this finding, standing alone, is not a sufficient basis to question Lapeirre-Gutt's testimony regarding the extent of her pain. First, even assuming that Lapeirre-Gutt was employed in January 2005, the record does not indicate that she performed this work on any kind of regular or sustained basis. It is entirely possible that Lapeirre-Gutt undertook any work only for a few hours at a time and only on those days she felt her best. Moreover, the physician's progress notes clearly indicate that Lapeirre-Gutt later reported to her doctor that she was forced to discontinue any employment due to her medical conditions. In light of substantial evidence supporting Lapeirre-Gutt's testimony regarding the extent of her symptoms, we conclude that Lapeirre-Gutt's ultimately unsuccessful attempt to return to work does not undermine her allegations of disabling pain.

5

The ALJ provided numerous other justifications for discrediting Lapeirre-Gutt's testimony. However, each of these findings is based on a mischaracterization of the evidentiary record or a presumption that has no basis in the medical record. Contrary to the ALJ's findings, Lapeirre-Gutt's activity levels and reports to her doctors were fully consistent with her allegations of disabling pain. While the ALJ relied upon the absence of symptoms the ALJ himself assumed would be present in someone with Lapeirre-Gutt's claimed conditions and inactivity levels, nothing in the medical record supports these assumptions. For example, the ALJ noted that Lapeirre-Gutt's lack of muscle atrophy was inconsistent with her allegations of inactivity, and that her lack of radicular symptoms did not comport with testimony that she had trouble gripping things. However, no medical evidence suggests that high inactivity levels necessarily lead to muscle atrophy or that trouble gripping can stem *only* from radicular symptoms. Thus, these findings are not based on substantial evidence. The ALJ erred in his adverse credibility determination.

II

Lapeirre-Gutt also contends that the ALJ erred in rejecting the disability conclusions of her three treating physicians in favor of the conclusions of a non-examining state physician. We agree.

6

Where a treating doctor's opinion is uncontradicted, an ALJ may reject it only for "clear and convincing" reasons; however, a contradicted opinion of a treating or examining physician may be rejected for "specific and legitimate" reasons. *Lester*, 81 F.3d at 830. The opinion of a non-examining physician, without other evidence, is insufficient to reject the opinion of a treating or examining physician. *Id*. at 831. The parties dispute whether the "clear and convincing" or "specific and legitimate" standard applies here. We need not reach this issue, however, because we conclude that the ALJ erred under even the "specific and legitimate" standard.

The ALJ rejected the medical opinions of Lapeirre-Gutt's treating physicians on the ground that those opinions lacked objective support in the medical record and were, rather, based on Lapeirre-Gutt's subjective complaints. However, because the ALJ's adverse credibility determination was based on erroneous considerations, that the treating physicians' opinions may have been based on Lapeirre-Gutt's subjective complaints is not necessarily a basis for rejecting those opinions. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded *where those complaints have been properly discounted*") (emphasis added).

7

Independent of the ALJ's erroneous credibility analysis, the ALJ also erred in demanding "objective evidence" of fibromyalgia. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (the ALJ erred by "effectively requiring objective evidence for a disease that eludes such measurement") (internal quotation marks, citation, and alterations omitted).

The ALJ provided numerous additional reasons for rejecting the opinions of Lapeirre-Gutt's treating physicians. However, we conclude that none of them is supported by substantial evidence in the record. As one example, the ALJ found that Dr. Kapoor's headache impairment questionnaire was inconsistent with Lapeirre-Gutt's statements that the severity of her headaches had improved. However, the questionnaire was completed nearly one year before Lapeirre-Gutt's claims of improvement, and thus there is no inconsistency.

The ALJ discredited Dr. Donesky on the ground that his opinion did not include a specific assessment of Lapeirre-Gutt's limitations in particular activities. "When evaluating conflicting medical opinions, an ALJ need not accept the opinions of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, a review of the record demonstrates that Dr. Donesky's opinion is not conclusory or unsupported. To the contrary, the record includes extensive clinical

8

findings and progress notes relaying Dr. Donesky's specific conclusions regarding Lapeirre-Gutt's impairments.

The ALJ's remaining proffered justifications for discrediting the medical opinions of Lapeirre-Gutt's treating physicians are equally unpersuasive.

III

"[W]here the ALJ improperly rejects the claimant's testimony regarding [her] limitations, and the claimant would be disabled if [her] testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony." *Lester*, 81 F.3d at 834 (internal quotation marks and citations omitted). Similarly, where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating physician, "we credit that opinion as a matter of law." *Id*. (internal quotation marks and citations omitted). Because the evidence disregarded by the ALJ, "when it is given the effect required by law," establishes that Lapeirre-Gutt was disabled during the relevant period, we remand with instructions to remand to the Commissioner of Social Security for immediate payment of benefits. *Lester*, 81 F.3d at 834.

**REVERSED and REMANDED.**